DONALD M. JENKINS *v.* STATE OF INDIANA.

[No. 1176S372. Filed February 2, 1978.]

Palmer K. Ward, Esquire, of Indianapolis, for appellant.

*Palmer K. Ward, Esquire,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted by jury on counts of robbery, rape and burglary. He was sentenced to ten to 25 years for robbery, 21 years for rape and ten to 20 years for burglary. Appellant only challenges the convictions for rape and robbery on appeal.

The record discloses the victim was a 62 year old woman. She was awakened in her home by a noise. When she investigated she encountered the appellant standing in the hall of her home. He informed her that he wanted her money and told her to go into the bedroom where he disrobed her and raped her. The evidence showed the appellant had entered the home through a basement window he had forced opened. His fingerprints were found in several locations in the home. A medical examination of the victim showed that she had been raped.

Appellant first claims there is insufficient evidence to sustain a conviction of rape. This Court has consistently held it does not weigh the evidence or determine the credibility of the witnesses. This is the province of the jury. This Court will review the evidence to

determine if any reasonable inference may be drawn to support the verdict of the jury. *Henderson* v. *State*, (1976) 264 Ind. 334, 343 N.E.2d 776; *Burke* v. *State*, (1968) 250 Ind. 568, 238 N.E.2d 1. Appellant claims there is no evidence that the victim resisted his attack. This Court has held that a victim must resist to a degree which would indicate that the act is against her will. *Carroll* v. *State*, (1975) 263 Ind. 86, 324 N.E.2d 809. Force need not be physical or violent but may be implied from the circumstances, nor is physical resistance required if the victim is in fear of bodily harm. *Beard* v. *State*, (1975) 262 Ind. 643, 323 N.E.2d 216; *Dewey* v. *State*, (1976) 264 Ind. 403, 345 N.E.2d 842. The degree of resistance required is dependent upon the surrounding circumstances and it is for the trier of fact to determine if the victim acted reasonably and in good faith in resisting the rape. *Ritter* v. *State*, (1946) 224 Ind. 426, 67 N.E.2d 530; *Shephard* v. *State*, (1946) 224 Ind. 356, 67 N.E.2d 534. Under the circumstances in this case, an elderly woman faced with a young intruder who demands her money, orders her into the bedroom, pushes her onto the bed and has intercourse with her are facts from which a jury could reasonably assume the attack was not consented to by the victim. In addition, the victim testified several times at the trial that she was frightened. This Court will not disturb the finding of the jury under these circumstances.

Appellant next claims there was insufficient evidence to sustain the verdict on robbery because the State failed to prove that the appellant perpetrated the robbery by violence or putting the appellant in fear. In view of the above-recited evidence we hold that his allegation in this regard is wholly without merit.

Finally appellant argues that the trial court erred in permitting the State to cross-examine him concerning other crimes which he was alleged to have committed. The questioned cross-examination concerned the appellant's denial that he had broken into the victim's

home at the time alleged. He claimed that he had broken into this same home a year before, in an apparent attempt to explain his fingerprints within the victim's home. This Court has held that when the defendant takes the witness stand in his own defense, his credibility, like that of any witness, is subject to interrogation. Interrogation is limited in that the State cannot inquire into specific acts of misconduct other than prior convictions which conform to the rule in *Ashton* v. *Anderson*, (1972) 258 Ind. 51, 279 N.E.2d 210. However in the case at bar the State's questions went to the issue of how the appellant's fingerprints came to be found inside the victim's residence when he had previously denied being in the house. The State's questioning properly challenged appellant's credibility in this regard. No error was committed in permitting this type of cross-examination.

The trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 372 N.E.2d 166.