**Leon E. BIRCH, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 3–879A242.

Court of Appeals of Indiana,
Third District.

March 24, 1980.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Theo. L. Sendak, Atty. Gen., Richard A. Alford, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Leon E. Birch was charged and convicted of the crime of Criminal Deviate Conduct.[1] He was sentenced to the Indiana Department of Correction for a period of 10 years.

---

1. IC 1971, 35–42–4–2:
 "Criminal deviate conduct.—(a) A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when:
 "(1) The other person is compelled by force or imminent threat of force;

 &ast; &ast; &ast; &ast; &ast; &ast;

 commits criminal deviate conduct, a class B felony . . . .

 "(b) A person who knowingly or intentionally causes penetration, by an object or any other means, of the sex organ or anus of another person when:
 "(1) The other person is compelled by force or imminent threat of force;

 &ast; &ast; &ast; &ast; &ast; &ast;

 commits criminal deviate conduct, a class B felony. . . ."

On appeal, he raises one issue for our consideration. Was there sufficient evidence to support the finding of the trial court?

We affirm.

The facts relevant to our disposition of the case indicate that the unlawful conduct occurred almost daily during the fall of 1977 when Birch and the victim were incarcerated in a county jail. The victim testified that Birch, his cellmate, made him commit, against his will, oral and anal intercourse during this period.

 The information charging Birch with this conduct stated that it occurred "on or about the 6th day of November, 1977." On this date, Birch and the victim were confined in the jail cell with a third prisoner, Baker. Birch argues that the only conduct, involving the two parties in question, about which Baker could testify was the act of manual masturbation. Birch is correct in pointing out that this conduct is not proscribed by IC 1971, 35–42–4–2. In addition, Birch contends that the State failed to prove one of the elements of the offense; that the "other person is compelled by force or imminent threat of force." We disagree.

 This Court has consistently held that it will not determine the credibility of the witnesses or weigh the evidence in reviewing a claim that the evidence was insufficient to sustain a conviction. This, we have said, is the function of the trier of fact. *Jenkins v. State* (1978), Ind., 372 N.E.2d 166. We will review only that evidence most favorable to the judgment and the reasonable inferences drawn therefrom to determine if any reasonable inference may be drawn to support the verdict. *Jenkins, supra.*

 Birch is correct in his contention that Baker is unable to testify as to any conduct proscribed by IC 1971, 35–42–4–2. His argument, however, loses its persuasiveness in view of the law on this point. In Indiana, a conviction for a sex offense may be sustained upon the sole uncorroborated testimony of the victim. *Arnett v. State* (1973), 155 Ind.App. 82, 291 N.E.2d 376. Specifically, the uncorroborated testimony of the victim is sufficient to sustain a conviction for sodomy.[2] *Overton v. State* (1974), 161 Ind.App. 650, 317 N.E.2d 467. We conclude that the victim's testimony that he was forced, by Birch, to commit acts of oral and anal intercourse on the date in question is sufficient to support the finding of the trial court.

 Birch next admits to having a sexual relationship with the victim, but attempts to convince us that it was of a consensual nature. He argues that there is no evidence that force was used to obtain compliance from the victim. A victim must resist to a degree which would indicate that the performance of the act is not voluntary. *Carroll v. State* (1975), 263 Ind. 86, 324 N.E.2d 809. The force used to obtain compliance need not be physical or violent; it may be implied from the circumstances. *Jenkins, supra.* Physical resistance is not required if the victim is in fear of bodily harm. The degree of resistance required is dependent upon the surrounding circumstances, and it is for the trier of fact to determine if the victim acted reasonably in resisting. *Jenkins, supra.*

The testimony of the victim as well as that of Baker refute the contention that the victim willingly engaged in this conduct. The victim testified:

"Q. Mr. [victim], I have to ask you to describe in words rather than what you're feeling right now what happened. After Leon Birch told you he had heard you had informed on him, what happened? What did he do to you?

"A. He like a few times he made me suck his dick and he kicked me a few times when I told him I didn't want to do it. He got up, you know, and stood in front of me and he kicked me a couple times in my leg, you know. I couldn't do nothin' about it.

**2.** IC 1971, 35–1–89–1 has been repealed and replaced by IC 1971, 35–42–4–2.

"Q. How much did you weigh at the time, sir?

"A. Uh, probably a hundred and fifty-five pounds.

"Q. How tall are you?

"A. Five six.

"Q. Do you know approximately how much Birch weighed at the time?

"A. About two hundred and fifty pounds.

\* \* \* \* \* \*

"Q. Why did—did you submit to the acts by the defendant or with the defendant?

"A. Did I want to?

"Q. Did you submit to them?

"A. No.

"Q. Did you do them?

"A. Yes, I did.

"Q. Why?

"A. Like I couldn't have done nothin' about it. Like he's, you know, big and I was scared."

Baker further testified that:

"Q. Now, Mr. Baker, I understand you indicated that the defendant threatened [the victim] as regards the act you have testified about, is that correct?

"A. Yes, sir.

"Q. Do you remember the words or to the best of your recollection what was said to [the victim]?

"A. There was a constant threat of being punched out or physical violence."

There was also evidence in the record to indicate that the victim had reported a sexual incident to the jail guards. For some reason, they failed to act upon his complaint, and he was forced to remain in the cell with Birch until his removal in late November.

We conclude that there is sufficient evidence to support the finding of the trial court. Accordingly, we affirm the judgment of the trial court.

Affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.