**Teddy Ray GILLIAM, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8602–CR–167.**

Supreme Court of Indiana.

June 30, 1987.

Nathaniel Ruff, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant for Burglary, a Class C felony, for which he received an eight (8) year sentence, and for Rape, a Class B felony, for which he received a fifty (50) year sentence and a finding that appellant was an habitual offender.

The facts are: On the night of September 21, 1984, the victim and her two young sons were staying at her mother's house in Hammond, Indiana. At approximately 9:00 p.m., the victim put her sons to bed and went to a bar with her sister and friends. She returned to her mother's house around midnight, locked the front door and went to sleep in the bedroom where her sons were sleeping.

At about 4:00 a.m., the victim was awakened by appellant and another man who were standing in the bedroom flicking a lighter. The victim thought one of the men was her brother-in-law and told them to get out. The men went out into the hall. After the victim put her pants on, she went into the hall to find appellant and another man with her mother's purse. Appellant pushed the victim back into the bedroom and onto the bed where he raped her.

The victim's son awakened when appellant fell on him. He asked who the man was and said he had to go to the bathroom. Appellant would not let the victim up to turn on the bathroom light for her son, but he turned it on. In the light from the bathroom, the victim could see all of appellant's face. He returned to the victim and continued to rape her. The victim did not attempt to fight appellant because she was afraid he would kill her sons and her.

Appellant attempted to force the victim to have anal intercourse. When the victim resisted by yelling, appellant's partner held his fist in her face. Appellant then unsuccessfully attempted to have oral sex with the victim.

Appellant's partner occasionally came into the bedroom. Finally, he reported that he "got it all." Noise made by the victim's sons awakened the victim's mother, who had been sleeping in the front room. She entered the bedroom to find the victim naked on the bed and appellant standing in the bedroom. She yelled that if the victim was going to bring guys to her house she could not visit her. Appellant and his partner left and the victim told her mother that she had been robbed and raped. She then called the police who transported her to the hospital.

A subsequent investigation of the house revealed that the victim's purse, cigarettes and lighter were missing, along with $130 from her mother's purse. A screen, which was on the window in the front room when the victim's mother went to bed that night, was found on the ground leaning against a

building next door. The victim's mother slept with a fan and television on and did not hear the men enter.

About a month after the incident, the victim identified appellant from a group of photographs as the man who raped her.

Appellant claims there is insufficient evidence to support a conviction of rape. Because there was no evidence the victim attempted to fight appellant or escape from him, appellant contends she submitted voluntarily.

This Court does not weigh the evidence nor determine the credibility of the witnesses. *Jenkins v. State* (1978), 267 Ind. 543, 372 N.E.2d 166.

■ A victim must resist to a degree which would indicate that the act is against her will, but physical resistance is not required if the victim is in fear of bodily harm. *Id.* The degree of resistance required is dependent upon the surrounding circumstances and it is for the trier of fact to determine if the victim acted reasonably in resisting the rape. *Id.* 372 N.E.2d at 167.

■ A conviction for rape can rest on the uncorroborated testimony of the victim. *Neal v. State* (1983), Ind., 451 N.E.2d 657. The facts in this case, including identification of appellant by the victim, are sufficient to justify the jury's verdict.

Appellant's second assignment of error is that the State did not prove beyond a reasonable doubt that appellant committed burglary. Appellant contends that the evidence is insufficient to prove that he broke into and entered the home and that it is highly implausible that the two men could have removed the screen and entered the home without the victim's mother hearing them.

■ A conviction of burglary may be sustained upon circumstantial evidence alone. *Willard v. State* (1980), 272 Ind. 589, 400 N.E.2d 151. The victim and her mother testified that the screen on the window was in place when they went to bed. Photographs of the screenless window and the screen on the ground were submitted to the jury. The two men were not given permission to enter the home. The victim's cigarettes and lighter and $130 from the mother's purse were missing from the home. The victim's purse was found in an alley at approximately 4:45 that same morning and it was on fire. That together with the other evidence supports the jury's finding that appellant burglarized the home.

Finally, appellant argues that the State has not provided sufficient evidence to support its allegation that appellant is an habitual offender. Appellant states that although the State has supplied documentation of several convictions, it has not produced sufficient evidence to connect appellant with those felonies.

■ This Court, in *Coker v. State* (1983), Ind., 455 N.E.2d 319, held that the question of the defendant's prior convictions is for the jury's determination, and the defendant's identity may be proven by circumstantial evidence. Generally, judgments with the defendant's name on them alone are not enough to prove that the defendant has committed prior felonies. *Reed v. State* (1986), Ind., 491 N.E.2d 182; *Russell v. State* (1986), Ind., 489 N.E.2d 955.

■ To establish appellant's two prior unrelated felonies, the State introduced nine exhibits containing documents regarding several convictions. The jury heard evidence of a January 2, 1975, conviction for Burglary and a May 16, 1975, conviction for Burglary, for which a "Teddy Ray Gilliam" received two one-to-five-year sentences which were to run concurrently. Also there was an April 4, 1978, conviction for Aggravated Battery in which the defendant, named "Teddy Ray Gilliam, a/k/a Teddy Gilliam," was given a one-to-four-year sentence. The State produced documents regarding a June 12, 1980 commitment for burglary for a four-year sentence in a case entitled *"People of Illinois v. Raymond T. Gilliam"* and records of a conviction of Residential Burglary and Possession of Burglary Tools on July 26, 1983, in a case entitled *"People of Illinois v. Raymond T. Gilliam."*

Other documents submitted as evidence included informations, indictments, commitments, judgments, fingerprint exemplars, photographs and biographical data sheets from the Illinois and Indiana Departments of Correction. Physical descriptions such as eye and hair color, height and tattoos matched those of appellant.

The State's fingerprint expert was shown a fingerprint card from the Indiana Department of Correction of a former inmate named Teddy Ray Gilliam and one from the Illinois Department of Correction entitled "R. Gilliam." Both were signed by prisoner "Teddy Gilliam." The examiner took an impression from appellant, compared it with the other two fingerprint cards and testified that the three sets were the same person.

The jury compared photographs from records of prior convictions.

The evidence sufficiently supports an inference from which the jury could determine that appellant is the same Teddy Ray Gilliam named in exhibits used to prove prior felony convictions.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.