**Rafael O. VALLE, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 27S00–8812–CR–999.**

Supreme Court of Indiana.

Sept. 5, 1989.

Bruce D. Metzger, James A. McKown, Jr., Marion, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, for which he received an enhanced sentence of sixty (60) years, and Attempted Murder, a Class A felony, for which he received an enhanced sentence of fifty (50) years, the sentences to be served consecutively.

The facts are: On January 8, 1988, Imy Jean Shepherd and her brother Danny were working on an automobile in the garage of their home in Marion, Indiana. Danny was seated on a cement block with his head under the fender working on the brake when appellant entered the garage and called Danny's name. When Danny turned to look at appellant, he fired a .38 caliber pistol at point blank range. The bullet struck Danny in the forehead inflicting a fatal wound.

As Imy Jean attempted to run from the garage into the house, appellant fired four shots at her, two of which struck her. She lay on the floor of the garage playing dead and heard the pistol click directly over her head. Appellant then left the garage and Imy Jean got up, went into the house, and told her mother what had happened. Police were called and were told that it was appellant who had done the shooting.

Lea Mays testified that she had spoken to appellant concerning the transcript of a statement that Danny had given to police concerning appellant's involvement in dealing in cocaine. Appellant stated that he did not like snitches and he was going to kill Danny.

■ Appellant claims the verdict is not supported by sufficient evidence to support

his convictions. He reasons that because Imy Jean had been convicted of possession of marijuana, a felony, her testimony was not worthy of belief. He further hypothesizes that Imy Jean was interested in getting rid of him so she could take over the cocaine trade in Grant County. There is no evidence in this record to support such an allegation.

He also reasons that Lea Mays' testimony is not worthy of belief because appellant states that he does not read English well enough to have read the transcript of Danny's statement to the police. Assuming that appellant lacks knowledge of the English language sufficient to read the transcript, it certainly is not beyond the realm of possibility that someone read it to him. Certainly, if a copy was in his possession, the jury was entitled to believe he knew the general content of the transcript.

In effect, appellant is arguing to this Court that the evidence is insufficient to support his convictions. We have repeated over and over that this Court will not weigh the evidence as such is the province of the jury. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. We also have stated repeatedly that the testimony of a victim of a crime is sufficient to convict the defendant. *Lamb v. State* (1984), Ind., 462 N.E.2d 1025.

When one considers the testimony of the two women, there is ample evidence in this record from which the jury could conclude that appellant is the person who shot and killed Danny and shot and wounded Imy Jean.

Appellant claims his sentences, to be served consecutively, amounting to a total of one hundred ten (110) years, are unreasonable in light of the nature of the offense and the character of the offender. In pronouncing sentence, the trial judge gave detailed reasons for the enhancement of each sentence and the fact that they were to be served consecutively.

He pointed out that appellant had a prior criminal record and in fact committed the instant crime while on bond from the Grant Superior Court on another charge. The judge recited a list of prior criminal activities in both Cuba and the United States. The judge also pointed out that the victims were witnesses against the defendant in a pending criminal case.

This Court will not adjust a sentence which is authorized by statute unless the sentence is manifestly unreasonable. *Coleman v. State* (1986), Ind., 490 N.E.2d 711; *Bish v. State* (1981), Ind., 421 N.E.2d 608; Ind.R.App.Rev.Sen. 1 and 2. We find the record in this case fully supports the trial judge's adequate articulation of aggravating circumstances justifying the enhancement of the sentences and the order that they be served consecutively.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.