**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 04 2013, 5:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ZACHARY E. KRISE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1301-CR-7 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1205-FC-1697

**September 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Zachary Krise ("Krise") appeals his conviction, following a jury trial, for Class C felony burglary.[1]

We affirm.

## ISSUE

Whether sufficient evidence supports Krise's conviction.

## FACTS

Larry Roberts ("Roberts") is the owner of the home at 5388 South Robinson Place in West Terre Haute. On May 17, 2012, the neighbor across the street, Larry Huffman ("Huffman"), noticed a vehicle backed up to the property and an unfamiliar man repeatedly walking back and forth between the house and vehicle. Huffman contacted the Vigo County Sheriff's Office and reported the suspicious behavior.

Deputy Jon Silver ("Deputy Silver") responded to the call. Upon arrival, Deputy Silver noticed the access door was ajar and a red truck in the driveway. The bed of the truck was filled with electronics, tool boxes, and rims and tires from a vehicle. Deputy Silver entered the house and found Krise in the hallway. Soon thereafter, Lieutenant Deputy Brian DeHart ("Lt. DeHart"), arrived on the scene. Krise informed both officers that his mother told him he had permission to remove items from the home, claiming she was friends with the owner of the home. Inside the home, Deputy Silver found pieces of mail addressed to Roberts. Additionally, Deputy Silver observed that the side door was

---

[1]Ind. Code § 35-43-2-1.

bent and that the wood around the deadbolt was splintered. Lt. DeHart discovered a long piece of metal in front of the doorway.

Lt. DeHart then questioned some of the neighbors, who stated that they did not recognize Krise. The police eventually contacted Roberts to see if he could verify Krise's story. Once Roberts arrived at the property, he confirmed that he was the owner, that the items in the truck were his, and that he did not know Krise or his mother.

Deputy Silver took Krise into custody. While transporting Krise to the Vigo County Jail, Krise told the officers that he had been to the home on three prior occasions. While incarcerated in the Vigo County Jail, Krise's telephone conversations were recorded. During two separate telephone conversations with individuals referred to as "little sister" and "dad," Krise admitted to opening the door and taking property. (Tr. 244). Specifically, on October 6, 2012, during a telephone conversation with "little sister," Krise stated, "she told me to open the door . . . I told her no once, and she told me again and I opened it." (Tr. 244-245). Further, during an October 9, 2012 telephone conversation with "dad," Krise was asked how many times he had been to the house. Krise stated, "It was my second time out there is when I got busted there." (Tr. 247-248).

On October 31, 2012, Krise's jury trial was held, and he was found guilty of Class C felony burglary and Class D felony theft. In addition, he was also found to be an habitual offender. On December 6, 2012, the trial court sentenced Krise to six (6) years for burglary and two and one-half (2 ½) years for theft, both to be served concurrently.

3

The trial court enhanced that sentence by seven (7) years due to Krise being an habitual offender.[2]

DECISION

Krise argues that the State failed to present sufficient evidence to support his Class C felony burglary conviction.[3] We disagree.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the [jury's verdict]. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

To convict Krise of Class C felony burglary, the State was required to prove beyond a reasonable doubt that Krise broke and entered into Robert's property with the

---

[2] The State points out that the trial court erroneously used the habitual offender determination to enhance Krise's aggregate sentence on his two convictions instead of designating the specific conviction to which the habitual offender enhancement was to be attached. Generally, a trial court's failure to specify which conviction is enhanced by an habitual offender enhancement requires us to remand the case to correct the sentence. *See McIntire v. State*, 717 N.E.2d 96, 102 (Ind. 1999) (holding that "when defendants are convicted of multiple offenses and found to be habitual offenders, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced" and explaining that failure to do so requires remand.) Here, however, remand is "not required" given the fact that Krise's habitual offender enhancement could only attach to his Class C felony burglary conviction. *See Tipton v. State*, 981 N.E.2d 103, 105 n.4 (Ind. Ct. App. 2012) (explaining that remand to attach an habitual offender enhancement to a specific conviction was unnecessary where the defendant's convictions and the length of the enhancement revealed that it could only be attached to one of the two convictions), *trans. denied.*

[3] Krise does not challenge his theft conviction or his habitual offender determination.

intent to commit a felony inside. *See* Ind. Code § 35-43-2-1. To prove the "breaking and entering" elements of burglary, the prosecution does not have to show that an actual rupturing or breaking of the entry way occurred. *Willard v. State*, 400 N.E.2d 151, 160 (Ind. 1980). "Breaking and entering" in this context connotes an illegal entry, even if by opening an unlocked door or window. *Id*. In addition, a conviction for burglary may be sustained upon circumstantial evidence alone. *Gilliam v. State*, 509 N.E.2d 815, 817 (Ind. 1987).

On appeal Krise concedes that the home was broken into, but he argues that the State failed to present sufficient evidence to prove that he was the person who broke into the home. Specifically, he contends that the State failed to collect physical evidence from the door and tool that was alleged to have pried the door open. Krise also argues that the State did not present any eyewitness testimony to prove when the door was opened or that he in fact opened it.

Here, there was sufficient evidence for the jury to conclude that Krise broke into Roberts' home. For instance, the structure of the doorway was splintered and a long metal object was found in close proximity to both the door and Krise's red truck. Officers found Krise inside the home attempting to remove additional items from the home. Furthermore, Roberts testified during the trial that the only person who had permission to be on his property were his neighbors, Mr. and Mrs. Hanson. Roberts also identified the property found in the bed of Krise's truck as belonging to him. Because there was probative evidence from which the jury could have found Krise guilty of Class C felony burglary, we affirm his conviction.

5

Affirmed.

BARNES, J., and CRONE, J., concur.