**Calvin TAYLOR, Jr., Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 683S212.

Supreme Court of Indiana.

July 8, 1985.

Terry C. Gray, Gary, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

DeBRULER, Justice.

This is a direct appeal from a conviction of robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1985 Repl.). The case was tried before a jury. Appellant was sentenced to a prison term of twelve years.

Appellant raises three issues on appeal: (1) whether the identification evidence is sufficient to sustain appellant's conviction; (2) whether the trial court erred by denying appellant's motion to suppress the in-court identification; (3) whether the trial court erred by denying appellant's motion to suppress his confession while subsequently granting the State's motion in limine to suppress any reference to appellant's statements.

These are the facts that tend to support the determination of guilt. On August 18, 1980, appellant, co-defendant, and an accomplice robbed the Graves brothers of stereo equipment which the brothers were licensed to sell. In the morning, David Graves approached the accomplice at a shopping mall parking lot to see if he wanted to buy stereo speakers. The accomplice said he wanted to buy a set and that he knew a couple of people who might also be interested. The accomplice went to appellant's house across the street and returned shortly thereafter with appellant and co-defendant. David Graves discussed the sale of the speakers with the men and agreed to meet them that afternoon to finalize the sale.

David Graves and his brother, Anthony Graves, met the men at the appointed time. Appellant told David that the owner of the El Dorado Lounge might be interested in

buying some speakers. The accomplice rode over to the El Dorado Lounge with the Graves brothers while appellant and co-defendant drove over in their own car. While a man, presumably the owner of the lounge, looked at the speakers, he did not make a purchase. Appellant and co-defendant then left in their car but returned approximately ten minutes later. Appellant went to the opened sliding door of the Graves's van, pointed a gun at Anthony Graves, and said, "This is a stick-up." Appellant told the Graves brothers that if they didn't do what he said, he would kill them. The brothers managed to escape and called the police. While running away from the robbers, the brothers saw appellant drive away in their van. When their van was recovered shortly thereafter by the police, all of their stereo equipment was gone.

The Graves brothers told police detectives what had happened, described the men who robbed them, and the location of the house from which the robbers emerged. The police drove the brothers around the city in an attempt to identify the city truck which the accomplice used and to locate the appellant's home. After leading the police to appellant's home, the Graves brothers simultaneously recognized appellant and co-defendant, who happened to be standing in front of appellant's home with several other black men. After the brothers identified appellant and co-defendant to the police, the police asked the two men for identification but made no arrest at that time. On October 14, 1980, the police apprehended appellant and co-defendant for the present robbery charge.

At appellant's December 1982 trial, Anthony Graves was not able to make an unequivocal in-court identification of appellant as the robber. Anthony testified that appellant looked like the robber except that appellant's hairstyle and facial hair were not the same as the man who robbed him two years earlier. David Graves did positively identify appellant in court as the man who robbed him. A police officer also identified appellant in court as the man the Graves brothers pointed out to him on August 18, 1980.

## I.

Appellant claims that the identification evidence is insufficient to sustain his conviction. He maintains that the evidence was insufficient to establish his identity as the perpetrator of the robbery for two reasons. One, Anthony Graves could not make a positive in-court identification that appellant was the man who robbed him. Two, cross-examination of David Graves resulted in discrepancies between his court testimony and previous deposition testimony, thereby impeaching his credibility and derivatively, his in-court identification of appellant as the robber.

A robbery conviction may be sustained on the uncorroborated testimony of one eyewitness. *Hill v. State* (1983), Ind., 452 N.E.2d 932. Any discrepancies in witness testimony affect the weight of the evidence and credibility of the witness, issues which are beyond our scope of review. Moreover, the inability of a crime victim to identify appellant in court as the perpetrator of the offense is not dispositive of the question of sufficiency of identification evidence. *Dillon v. State* (1983), Ind., 448 N.E.2d 21. Appellant's argument is an attempt to have this Court reweigh the evidence and judge the credibility of the witnesses in contravention of the well-established sufficiency of evidence standard. This Court will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. *Smith v. State* (1985), Ind., 474 N.E.2d 71. The question is whether the evidence was such that from it a rational trier of fact could infer beyond a reasonable doubt that appellant was the perpetrator of the crime. The evidence recited in the statement of facts is clearly sufficient to do so.

## II.

Appellant argues that the trial court erred by denying his motion to suppress the in-court identification which he main-

tains was based upon an unduly suggestive pretrial confrontation. His argument is predicated on four claims: an identification photographic array shown to the victims before the confrontation, police isolation of appellant and co-defendant at the confrontation, police suggestion of appellant's name to the victims, and failure of the State to comply with a discovery order to produce the identification photographic array to appellant. However, since appellant did not preserve this issue for appellate review by making a contemporaneous objection to the in-court identification, this Court will not address the merits of this claim.

### III.

Appellant claims that the trial court erred in denying his motion to suppress his confession and by subsequently granting the State's motion in limine regarding appellant's statements made to the police.

At the suppression hearing appellant claimed that his confession was not voluntarily made because he confessed within an hour of alleged police brutality. The State has the burden to prove beyond a reasonable doubt that the confession was voluntary and not induced by violence, threats, promises, or other improper influences so as to overcome the free will of the accused at the time he confessed. *Rowe v. State* (1983), Ind., 444 N.E.2d 303. The exclusionary rule is the enforcement mechanism whereby products of such an alleged abuse would be inadmissible. However, while the trial court ruled that appellant's confession was voluntarily made and therefore admissible, the State subsequently decided not to introduce appellant's confession into evidence.

Rather than introducing appellant's confession into evidence, the State was subsequently granted a motion in limine to suppress any reference to the contents of this confession because it included self-serving exculpatory statements. The motion in limine prohibited appellant from both introducing any statements he made to the police at the time of his arrest and

questioning as to the contents of such statements. The trial court granted the motion in limine, ruling that the motion applied solely to appellant's statements and did not include any conduct which occurred at the time of his arrest. Appellant claims that the motion in limine prevented him from establishing the existence of police brutality at the time of his arrest. There is no merit to appellant's claim. Not only did the trial court rule that conduct was not included within the motion, but defense counsel cross-examined Officer Townsell as to whether appellant was beaten by the police at the time of his arrest. The conviction is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.