**Roger D. RUTLEDGE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1185S445.

Supreme Court of Indiana.

July 25, 1986.

William L. Soards, Soards & Carroll, Indianapolis, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

DICKSON, Justice.

Roger D. Rutledge, defendant-appellant, challenges his convictions for rape, a class A felony[1], and attempted criminal deviate conduct, a class A felony[2], on grounds that the evidence was insufficient.

■ In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Convictions for rape or criminal deviate conduct may rest upon the uncorroborated testimony of the victim. *Fointno v. State* (1986), Ind., 487 N.E.2d 140.

The conviction is supported by the victim's testimony and initial report to examining physician, by medical evidence, and by photographs depicting her injuries. The victim was slightly acquainted with the defendant as her neighbor's brother. When defendant came to the victim's door and requested a cigarette for his brother, the victim invited him inside. Shortly thereafter, defendant picked up a kitchen knife, placed it to the victim's neck, and ordered her to turn off the lights. When victim flashed the lights off and on in hopes of attracting assistance, defendant struck her hand, cutting it. Holding the knife to the victim's throat, defendant forced her into the bedroom and ordered her to disrobe. Defendant then forced the victim down onto a bed and, with the knife at the victim's throat, the defendant had sexual intercourse with her. As the victim sat up, defendant attempted to place his penis into her mouth, touching her lips. She moved away from him and attempted to distract him by saying that she had to use the bathroom. Struggling with defendant, the victim managed to get into her living room, at which time she heard someone outside and began to scream. Still armed with the knife, defendant threatened the victim and warned her to be quiet. She defied him and screamed. Defendant's brother, the person outside, broke a door and entered. Defendant fled the scene.

The victim was examined at a hospital after the attack. Analysis disclosed the presence of semen in the victim's vagina. The examining physician testified that the victim had various lacerations, bruises, and abrasions on her left hand, her legs and on her face. Photographs taken at that time depict injuries to the victim's face, neck and shoulders.

■ Defendant argues that the sex acts were consensual and offers a different version and interpretation of the trial evidence. This is a matter of witness credibility and evidence weight for the trier of fact, not this Court. *Rosell v. State* (1976), 265 Ind. 173, 352 N.E.2d 750. The supporting evidence is sufficient to enable a reasonable person to conclude beyond a reasonable doubt that defendant, while armed with a deadly weapon, intentionally had sexual intercourse with the victim by force or imminent threat of force (Class A Rape) and while so armed took a substantial step in attempting to intentionally cause the victim to perform or submit to deviate sexual conduct by force or imminent threat of force (Attempted Class A Criminal Deviate Conduct).

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.

---

1. Ind.Code § 35–42–4–1.

2. Ind.Code §§ 35–42–4–2, 35–41–5–1.