**Roy Nolan BELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 884S320.

Supreme Court of Indiana.

Sept. 18, 1986.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Roy Bell was convicted after a jury trial of robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1984 Supp.). The trial court imposed a sentence of fifty years to be served consecutively to the sentence imposed for another cause. The sole issue in this direct appeal is whether the evidence identifying Bell as the perpetrator is sufficient to sustain his conviction.[1]

The State's case was based exclusively on the victim's testimony. While Bell acknowledges that a conviction may be sustained upon uncorroborated testimony, he

---

**1.** Appellant moved for a judgment on the evidence after the jury returned its verdict of guilty. After hearing arguments, the trial court denied the motion. The standard of review of denial of such a motion is the same as that used for a challenge to the sufficiency of the evidence. *Jones v. State* (1985), Ind., 472 N.E.2d 1255. Therefore, the issues have been consolidated.

maintains that the victim's testimony and identification were rendered inherently unreliable by the victim's age, infirmness, and confusion about the crime. These are the facts which tend to support the trial court's judgment. On November 4, 1983, Roy Bell was present when Little Charles Blackman, age sixty, cashed his social security check at a neighborhood liquor store. Blackman took the money home and hid it in his shoes. Blackman went to bed at midnight, but was awakened two hours later by a woman knocking at his door and calling out his name. The woman asked to use the bathroom and claimed that she was with one of his friends. Blackman opened the door and escorted the woman to his bathroom. When Blackman returned to the living room a man who masked his face with a T-shirt tied around his forehead shoved a gun in Blackman's face. Blackman pushed the assailant against the wall, removed the T-shirt, and reached for a knife on the table. The woman grabbed Blackman's feet, causing him to fall on the living room floor. The man demanded money, but Blackman refused. The intruder then pistol-whipped Blackman, who sustained injuries to his head, eye, and genitals. Blackman fell unconscious and did not revive until seven hours later. The injuries caused considerable pain and required hospitalization for nine days. The proceeds of the robbery totalled $9.50.

Blackman positively identified Bell in court as his assailant. The victim testified that at the time of the robbery his eyesight was good, but that his vision at the time of trial was partially impaired as a result of the injuries he sustained during the robbery. Blackman was familiar with defendant prior to the robbery; during the robbery, Blackman recognized Bell's voice and later removed the shirt. The only inconsistency in Blackman's testimony was the date of the robbery. However, a defense witness, Officer Pat Harper, testified that the date of the offense was November 4, 1983.

This Court will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. *Taylor v. State* (1985), Ind., 479 N.E.2d 1310. If the victim's testimony were incredibly dubious or inherently improbable then its exclusion from our review of the evidence would be warranted. *Rodgers v. State* (1981), Ind., 422 N.E.2d 1211. However, Blackman's testimony was understandable and generally consistent; it clearly showed that an assailant intentionally and forcibly removed money from the victim, who sustained injuries during the course of the robbery. The victim positively identified Bell as the assailant. The evidence was sufficient to sustain the jury's verdict.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK, and DICKSON, JJ., concur.