**Lyle W. SMITH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 485S155.

Supreme Court of Indiana.

Nov. 24, 1986.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Lyle Smith was tried before the court and found guilty of rape, a class A felony, Ind.Code 35–42–4–1 (Burns 1984 Supp.). The judge imposed a prison term of thirty years. Smith raises two issues in this direct appeal:

(1) Whether the evidence sufficiently identifies him as the perpetrator who forcibly compelled the victim to have sexual intercourse, and

(2) Whether appellant's confession was induced by a police officer's promise to obtain mental health assistance for him.

The evidence at trial revealed that on July 12, 1984, Smith knocked at the victim's door and inquired about a neighbor. The victim let appellant into her house because she could not hear him very well through the door. She invited appellant into her front room and offered him a beer to drink while they discussed the neighbor, who had recently died. The discussion lasted approximately an hour. When he finished his beer, she escorted him to the door and asked him to leave. Appellant indicated to the victim that he wanted to have sex with her. Smith pulled out a knife; the victim attempted to grab a tear gas gun which was lying on a dresser near the door, but appellant grabbed her arm. When testifying about his proposition, Smith stated that "... she became upset about it and she got pretty angry about it and I asked her again and she reached over on her dresser there where the gun was sitting [sic]...." Appellant testified that "after I had her leave the gun where it was and everything, I just followed the urge that was in me, I guess."

The two walked to her bedroom. Smith removed his clothes with one hand and held the knife in the other hand. Smith did not mention sex but said "he didn't want to do it that way." Assuming that appellant wanted sex, the victim removed her clothes and lay on the bed. Smith engaged in sexual intercourse while holding the knife. At one point, he held the knife against her throat. The victim was frightened throughout the criminal incident, though appellant never threatened her verbally. The victim did not give appellant permission to have sexual intercourse. She identified appellant in court as her assailant.

## I. Sufficiency of the Evidence

Appellant's sufficiency argument is predicated upon two claims. First, he main-

tains that the identification evidence does not establish that he was the perpetrator. Second, he claims that the evidence does not establish that he forcibly compelled the victim to have sexual intercourse with him.

Smith maintains that the identification evidence was equivocal because the victim identified him as the assailant only because the assailant had identified himself as Lyle Smith. He maintains that the inadmissibility of his confession mandates that such testimony be unequivocable. He also claims that the victim's identification testimony is unreliable because her vision was impaired by surgery.

The victim testified that she knew her assailant was appellant because he identified himself that evening as Lyle Smith. However, her identification was also based upon observation. The victim saw Smith prior to the rape while he was staying with a neighbor, but her vision was poor because she recently had cataracts removed. Her near-sighted vision was poor when she was raped, but she could see "up close" and "remembered seeing him when he was up close." The victim testified that she could see Smith clearly in court and that he was the man who raped her.

■■■ A rape conviction may be based upon the uncorroborated testimony of the victim. *Rutledge v. State* (1986), Ind., 495 N.E.2d 535. In this case, the rape victim identified defendant in court twice. She also testified that the cataract surgery primarily affected her ability to see distant objects, not those nearby. Under these circumstances, the reliability of her testimony was a question for the jury's consideration. *Cf., Bell v. State* (1986), Ind., 497 N.E.2d 556. The evidence is sufficient to sustain the jury's verdict.

Appellant also argues that the State did not establish that the act of sexual intercourse was compelled by force. He maintains that the victim removed her clothes and engaged in sexual intercourse of her own free will. Appellant reasons that the victim's "opportunity to defend herself by using the tear gas gun and her failure to use this as a means of defense negated the force or threat of force by her assailant."

■■■ Resistance by the rape victim is one way to indicate that the act is against her will, but resistance is not an element of rape. *Stowers v. State* (1977), 266 Ind. 403, 363 N.E.2d 978; *Carroll v. State* (1975), 263 Ind. 86, 324 N.E.2d 809. Moreover, the requisite force need not be physical but may be constructive or implied from the circumstances, such as resistance by the victim. *Jenkins v. State* (1978), 267 Ind. 543, 372 N.E.2d 166; *Beard v. State* (1975), 262 Ind. 643, 323 N.E.2d 216. As Chief Justice Givan has written: "Force or threat of force may be shown even without evidence of the attacker's oral statement of intent or willingness to use a weapon and cause injury, if from the circumstances it is reasonable to infer the attacker was willing to do so." *Lewis v. State* (1982), Ind., 440 N.E.2d 1125, 1127, *cert. denied* (1983), 461 U.S. 915, 103 S.Ct. 1895, 77 L.Ed.2d 284. In the case at bar, the victim asked appellant to leave her house. While she was escorting him out, he pulled a knife. After appellant's proposition, the victim attempted, unsuccessfully, to defend herself with a tear gas gun. Appellant remained armed with the knife while he removed his clothes and engaged in sexual intercourse. We find that it was reasonable for the trier of fact to infer from these circumstances that Smith forcibly compelled the victim to engage in sexual intercourse.

## II. Confession Induced By Promises

Appellant argues that his confession was not voluntarily made but was induced by a police officer's promise to obtain mental health assistance for him.

Smith was advised of his rights and signed a waiver prior to being interrogated by Officer Terry Hall. Prior to giving the statement, appellant told Hall that he was giving the statement because he realized that he needed help. Hall told appellant that he "would be glad to recommend that whatever else the Judge decided that he would get some mental help."

To determine the voluntariness of a confession, this Court reviews all the circumstances surrounding the giving of the confession to determine whether it was induced by violence, threats, promises, or other improper influences which would overcome the free will of the accused. *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188. An officer's statement to the accused during interrogation that he will get mental health assistance for the accused does not constitute a promise of immunity or mitigation of punishment as proscribed by *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192. *Fennell v. State* (1986), Ind., 492 N.E.2d 297; *Basham v. State* (1981), Ind., 422 N.E.2d 1206.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.