**Harry L. WILLIAMS, Sr., Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 285S61.

Supreme Court of Indiana.

March 23, 1987.

Charles A. Beck, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, appellee.

GIVAN, Justice.

A trial by jury resulted in a finding of guilty of Rape, a Class B felony, and Confinement, a Class D felony. Appellant was also found to be an habitual offender. He was sentenced to fifteen (15) years for Rape and two (2) years for Confinement, enhanced by thirty (30) years by reason of the fact he was an habitual offender, the sentences to run concurrently.

The facts are: On June 13, 1984, the victim was on her way from her home to the Center Township Trustee's Office in Indianapolis. Sometime between 9:30 and 10:00 a.m., she began to feel weak as she walked along the street. Appellant, whom the victim had met at the Y.M.C.A. on a previous occasion, approached the victim and offered to help her. He asked the victim if she would like to come into his apartment and have a cool drink and rest.

The victim accompanied appellant into his apartment where she sat down in a chair. Appellant brought the victim a drink and then immediately began attempting to pull off her pantyhose and underwear. The victim protested and attempted to leave; however, appellant told her to "shut up and sit still". When the victim tried to scream, appellant grabbed her by the throat and tried to strangle her, at which point she began spitting up blood. Appellant then threw her on his bed and struck her in the face several times, causing her to suffer a black eye and a "busted" lip. Appellant also pulled some of the victim's hair from her head.

After raping the victim, appellant washed the blood from her blouse and warned her that if she said anything to anyone he would kill her. After drying the victim's blouse on a stove, appellant told

her he was going to walk her home to make sure she did not say anything to anyone about the incident. When they arrived in the lobby of the apartment building, appellant started to check his mail. The victim fled to the apartment manager's office and the police were summoned. When the police arrived, the victim pointed out appellant as the person who had attacked her.

The victim was taken to the hospital where she was examined by Dr. David Moore, an obstetrician-gynecologist resident. Dr. Moore testified that the victim had swelling around her left eye and on her forehead and bruises on her upper lip and that the examination of her vulva-vaginal area disclosed tears in the hymenal ring. He testified that these tears bled readily when examined and that she had other abrasions in the vulva-vaginal area.

Appellant called Shelley Pegler, Director of the Fletcher Place Community Center, as his sole witness. Pegler testified that appellant had been at the center shortly after 9:00 a.m. and that it would take approximately ten to fifteen minutes to walk from the center to the location of appellant's apartment.

Appellant's sole assignment of error is that the jury verdict is contrary to law because it is not supported by sufficient evidence of probative value on each and every element of the offense. Appellant claims that because fingerprints taken from the door of his apartment were not identified or compared with other fingerprints and because the blood stains found in appellant's apartment were not identified other than that they were human blood, the State's case fails for lack of evidence. He also points out that Dr. Moore's testimony did not include a finding of seminal fluid "in the womb".

Appellant further points to what he considers inconsistencies between what other witnesses testified the victim told them and what the victim testified to at trial. However, these so-called inconsistencies are of minor consequence and do not affect the basic testimony that it was appellant who attacked and raped the victim.

Appellant is asking this Court to weigh the evidence and judge the credibility of witnesses, which we will not do. Such is the exclusive prerogative of the jury. *Taylor v. State* (1985), Ind., 479 N.E.2d 1310.

Appellant also claims the testimony of Pegler establishes that he could not be the one who perpetrated the rape. There is no inconsistency between Pegler's testimony and the testimony of the victim. The time sequence recited by both witnesses clearly allowed the jury to determine that appellant had ample time to appear in both locations as testified to by the witnesses.

The trial court is affirmed.

SHEPARD, C.J., DeBRULER, PIVARNIK and DICKSON, JJ., concur.