Ben WILBURN, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8610–CR–927.

Supreme Court of Indiana.

Dec. 8, 1987.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Confinement, a Class B felony, for which he received ten (10) years, Rape, a Class A felony, for which he received thirty (30) years, and Robbery, a Class B felony, for which he received ten (10) years. The sentences for confinement and robbery were to run consecutively and the sentence for rape was to run concurrently with the other two sentences.

The facts are: On November 22, 1985, at approximately 7:20 p.m., the victim noticed appellant following her at 14th and Pennsylvania Street in the city of Indianapolis. He attempted to converse with her but she crossed the street and tried to ignore him. For a short while appellant disappeared,

then at 16th and Central she noticed him again.

She testified she tried to walk faster to avoid him but he crossed the street to her side and followed her to Broadway where he ran up behind her, grabbed her arms and held a knife to her side, put his hand over her mouth and directed her to do exactly what he said. He dragged her to a ventilating system near a building and threw her to the ground. When she started screaming, he asked her "[d]o you want to die right here?" He then yanked her to her feet and took her to a recessed entryway where he tore her clothing from her and raped her. He told her to stay where she was until he was out of sight. He then took her purse and ran.

The victim ran to the 500 Liquor Store with the intent of calling the police; however, she found a police car there. She told the officer what happened and gave him a description of appellant. Shortly thereafter, police apprehended appellant who still was in possession of the victim's purse and keys. He also had a knife in his possession. The victim was taken to the place where appellant was apprehended and she identified him as the rapist.

A witness, Kevin J. Watkins, testified that while standing at the corner of 16th and Broadway he saw appellant walking about twelve feet behind the victim. He saw appellant catch up with her, grab her, put his left hand on her mouth and his right arm around her. He saw him take her across the street and testified he heard the woman say "[h]elp." The witness was afraid to approach closer because he did not know what the appellant "had." He went to the 500 Liquor Store to find a policeman. Other witnesses assisted the police officers in finding appellant.

Appellant testified that he was looking for a prostitute named "Peaches" when the victim approached him and asked if he wanted a date. He testified he gave her $15 and made arrangements to go to her place at 16th and College. He claimed he had been robbed in the building where she lived and did not want to go there but suggested they go to his apartment at 23rd

and Pennsylvania. He then suggested going over to 17th Street to find a place. When she stated she did not want to go there, he claimed he offered her another $5 and she accepted.

He contends that during his conversation with the victim a police car pulled up on 17th Street, then left and that another police car which was parked in front of a basketball court turned its lights off and sat there while appellant and the victim had sex in the doorway of the Multi-Service Center. According to appellant, the victim made no effort to talk to people who walked by them. He claims the victim took her own clothing off and laid down on her coat to have sex. He contends that after they had finished the victim attempted to take his money from him and that he grabbed his pocket and she ran away and left her purse behind. He claimed he picked up the purse and when he saw Watkins he was afraid and ran away. He said he put the purse under his coat because he thought it would look weird to be walking down the street with a woman's purse. He contends he planned to drop the purse in a mailbox at 17th and Meridian.

█ Appellant contends there is insufficient evidence to sustain the conviction for Robbery, a Class B felony. He claims there is no evidence he was armed at the time of the robbery. He also claims that inasmuch as the victim stated he held the knife on her until he had completed the rape but put the knife away just before he grabbed her purse and ran that there was no evidence of armed robbery. The uncorroborated testimony of the victim is sufficient to convict appellant. *Smith v. State* (1982), Ind., 432 N.E.2d 1363; *Moore v. State* (1970), 254 Ind. 23, 256 N.E.2d 907.

█ The victim's testimony clearly established that appellant was armed with a knife at the time of the rape. The fact that he put the knife away shortly before he grabbed her purse and ran does not gainsay the fact that the robbery was an armed robbery. The jury was justified in determining that a Class B felony, Robbery, had been committed as defined in Ind.Code § 35–42–5–1.

Appellant claims there is insufficient evidence to sustain the conviction of Confinement, a Class B felony. He alleges that when the victim gave a taped statement to the detectives the day after the incident she did not mention the knife. He further points out that the other witnesses who observed the attack did not see a knife. He points to his own testimony that he had offered the victim $15 to have sex with him and that he offered her another $5 to accompany him to the location on 17th Street. The jury was not bound to believe the testimony of appellant. It was their prerogative to weigh the testimony of all the witnesses. The testimony of the victim was sufficient to support a conclusion that she was confined by the use of a knife. The record contains sufficient evidence to support the conviction for Confinement, a Class B felony.

Appellant claims there is insufficient evidence to sustain his conviction for Rape, a Class A felony. He claims that according to the victim's testimony she passed a Kroger Store and an Imperial Gas Station while appellant was following her but did not seek aid in either place. He further states that while they were walking down the street they saw three police cars, two of which were parked near where they had sex. He claims the jury should deduce from this that the victim was accompanying him at her own free will. The evidence in this record is sufficient to support the verdict of the jury that appellant was guilty of Rape, a Class A felony. *Smith v. State* (1986), Ind., 500 N.E.2d 190.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.