931 F.2d 58
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ben WILBURN, Petitioner/Appellant,
v.
Thomas D. RICHARDS, Warden**, Respondent/Appellee.
 No. 89-3052.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 11, 1991.*
Decided April 29, 1991.
 ORDER
 
 1
 A jury convicted Ben Wilburn of Confinement, Rape, and Robbery. The Indiana Supreme Court affirmed Wilburn's convictions. Wilburn v. State, 515 N.E.2d 1109 (Ind.1987). Wilburn appeals the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court rejected Wilburn's argument that the evidence was insufficient to support Wilburn's convictions.[1] We affirm the district court's denial of relief.
 
 
 2
 Wilburn bears a heavy burden in challenging a jury verdict on sufficiency grounds. See United States v. Beverly, 913 F.2d 337, 360 (7th Cir.1990), (in reviewing a jury verdict we "defer to reasonable inferences drawn by the jury and the weight it gave to the evidence") (citation omitted). Thus, Wilburn is entitled to habeas relief only if we find, after examining the trial evidence in the light most favorable to the government, United States v. Rodriguez, No. 89-3605, slip op. at 3-4 (7th Cir. February 22, 1991) (citations omitted), that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). Moreover, 28 U.S.C. Sec. 2254(d), requires that we accept as correct the state court's factual findings, unless they are unsupported by the record or any of the other exceptions in Sec. 2254(d) are applicable. Andersen v. Thieret, 903 F.2d 526, 531 (7th Cir.1990). After reviewing the record, we find that none of the Sec. 2254(d) exceptions are applicable and that the record contains ample support for the state court's factual determinations.[2]
 
 
 3
 Wilburn argues that the evidence was insufficient to support his conviction for Class B Felony Confinement because the state failed to prove that he used either force or threat of force to move the victim from one place to another, as required by Ind.Code Sec. 35-42-3-3(2). Wilburn also argues that the state failed to prove that he committed the offense while armed with a deadly weapon, which is necessary to elevate the crime from a Class D felony to a Class B felony. Id. He points to his own trial testimony that he met the victim on the street, made a "date" with her for fifteen dollars, and that she agreed to accompany him to another location for five more dollars, as support for his contention that the victim voluntarily accompanied him. Further Wilburn contends that the victim's testimony that she did not seek aid in the two open stores she passed while he followed her and his testimony that she did not seek aid from the individuals who passed by them, reveals that she accompanied him at her own free will. Regarding the requirement that he commit the crime while armed with a deadly weapon, Wilburn points out that the victim failed to mention the knife to the detectives in her taped statement made the day after the crime. Additionally, he notes that two individuals who observed Wilburn and the victim did not testify that Wilburn had a knife.
 
 
 4
 The victim testified that while she was walking down the street Wilburn ran up behind her, grabbed her arms, held a knife at her side, covered her mouth, and told her do exactly what he said. Wilburn then made her cross the street, dragged her to a nearby building and threw her to the ground. The victim testified that when she began to scream Wilburn asked her "do you want to die right here?" He then pulled the victim to her feet and dragged her to another area where he raped her. A witness, Kevin Watkins, testified that he saw Wilburn run up behind the victim, grab her, and put his hand over her mouth. He also testified that he heard the victim yell "help" and later heard her crying.
 
 
 5
 The record evidence provides sufficient support for the jury's finding that the Wilburn took the victim from one place to another by the use of force. The victim's testimony that Wilburn held a knife to her side supports a finding that Wilburn committed the crime while armed with a deadly weapon. Moreover, the police found a knife on Wilburn's person at the time of his arrest, which the victim later identified as the knife Wilburn held against her side. The jury was entitled to believe the victim's testimony, rather than Wilburn's testimony. We do not disturb the jury's evaluation of a witnesses's credibility, absent extraordinary circumstances. United States v. Mejia, 909 F.2d 242, 245 (7th Cir.1990); Beverly, 913 F.2d at 360. The victim's testimony was not inherently unbelievable, nor did it contradict the laws of nature, Mejia, 909 F.2d at 242. Thus, Wilburn's claim fails.
 
 
 6
 Wilburn's argument that the evidence was insufficient to support a Class A Rape conviction is also without merit. Again, his own testimony that the victim agreed to have intercourse with him for fifteen dollars and the victim's failure to seek help in the two open stores or from parked police cars or passerbys, is the only evidence he puts forth to support his contention that the evidence was insufficient. Additionally, Wilburn argues the state presented no evidence establishing that he committed the rape while armed with a deadly weapon, which is necessary to elevate the conviction from a Class B to a Class A felony. See Ind.Code Sec. 35-42-4-1.
 
 
 7
 The victim testified that after Wilburn grabbed her off the street, he covered her mouth to keep her from screaming, dragged her to a building entrance, pushed her to the ground, pulled her clothes off and forced her to have intercourse with him. Even standing alone, the victim's testimony is sufficient to support Wilburn's rape conviction. See Beverly, 913 F.2d at 358 (uncorroborated evidence is sufficient to support a jury verdict). Defense counsel thoroughly cross-examined the victim and fully questioned her concerning her failure to seek assistance in escaping from Wilburn. Id. Once again, Wilburn's argument is a challenge to the jury's determination that the victim's testimony was more believable. As stated earlier, this is a determination better left to the discretion of the jury. Id. Additionally, the victim's testimony that she could hear the knife clicking, but could not actually see the knife when Wilburn raped her is sufficient to support the jury's finding that Wilburn raped the defendant while armed with a deadly weapon. The knife did not need to be visible to the victim at the time Wilburn raped her. See French v. State, 516 N.E.2d 40, (Ind.1987) (Ind.Code Sec. 35-42-4-1 (Rape) does not require that the victim see the weapon in order to charge use of a deadly weapon during the commission of a rape).
 
 
 8
 Finally, Wilburn contends that sufficient evidence does not exist to support his Class B Robbery conviction. He argues that the state failed to prove that he took the victim's purse by force, threat of force or by putting the victim in fear. See Ind.Code. Sec. 35-42-5-1. Additionally, he contends that the state did not prove that he committed the robbery while armed with a knife because the victim testified that Wilburn did not have his knife out when he robbed her. Wilburn testified at trial that the victim left her purse behind and that he intended to return it. The victim testified that after Wilburn threatened her, dragged her off the street, and raped her, he pulled her purse off her shoulder and warned her to stay where she was until he was out of sight. Later, when the police captured Wilburn they found a knife and the victim's pocketbook in his possession. Wilburn's argument that this evidence does not support a finding that he took the victim's purse by force, threat of force, or by putting the victim in fear is meritless. Additionally, as the Indiana Supreme court held, the fact that Wilburn put the knife away before he took the victim's purse does not destroy the jury's finding that Wilburn committed the robbery while armed with a deadly weapon. Wilburn, 515 N.E.2d at 1110. Wilburn again supports his claim only by pointing to his own testimony. The jury was entitled to believe the victim's uncorroborated testimony. Beverly, 913 F.2d at 358.
 
 
 9
 For the above reasons, we hold that the evidence was sufficient to support all three of Wilburn's convictions. Accordingly, the district court is
 
 AFFIRMED.[3]
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Pursuant to Fed.R.App.P. 43(c)(1), Thomas D. Richards has been substituted for Jack R. Duckworth
 
 
 [1]
 We do not reach the merits of Wilburn's sentencing arguments. As the government points out, these arguments are waived by Wilburn's failure to raise them in the district court. See United States v. Adamo, 882 F.2d 1218, 1233 (7th Cir.1989) ("claims of error not raised in the district court are waived on appeal")
 
 
 [2]
 Wilburn's contention that the district court erred in failing to conduct an evidentiary hearing lacks merit. Wilburn received a "full and fair" evidentiary hearing. See Townsend v. Sain, 372 U.S. 293, 312-13 (1963) (federal habeas court "must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding"). Additionally, Wilburn provides no support, either by naming the witnesses he would call or by stating what they would testify to and its importance, for his bare assertion that "evidence exists that only an evidentiary hearing can solve, such as witnesses to testify." See United States ex. rel. Simmons v. Gramley, 915 F.2d 1128, 1138 (7th Cir.1990)
 
 
 [3]
 Wilburn also filed a Rule 60(b) motion challenging the constitutionality of the Indiana Rape Shield Statute, which the district court denied on August 29, 1989 (No. S 88 716). Wilburn's Notice of Appeal states that he is appealing the district court's refusal to grant habeas corpus and its denial of Rule 60(b) relief. However, Wilburn does not argue in his brief that the district court erred in denying relief under Rule 60(b). Thus, we do not review this claim on appeal. See United States v. Brown, 899 F.2d 677, 679 n. 1 (7th Cir, 1990) (Fed.R.App.P. 28(a)(4) requires appellant to raise the issues in his brief that he intends to litigate)