## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 14 2016, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dejuan Wells,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 14, 2016<br><br>Court of Appeals Case No.<br>49A02-1506-CR-604<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Kurt Eisgruber, Judge<br><br>Trial Court Cause No.<br>49G01-1309-FA-62015 |

**Robb, Judge.**

# Case Summary and Issues

[1] The State charged DeJuan Wells with twenty-five counts arising from conduct related to his live-in girlfriend. A jury found him not guilty of two of those counts, but guilty of the remainder. The trial court entered judgment of conviction on twenty of the counts and sentenced Wells to a total of twenty-six years. On appeal, Wells challenges only his convictions for criminal deviate conduct, a Class B felony; rape, a Class B felony; battery, a Class D felony; and battery, a Class A misdemeanor. He raises several issues on appeal, which we consolidate and restate as: 1) whether there was sufficient evidence to support his convictions for criminal deviate conduct and rape; and 2) whether his convictions for both Class D felony battery (Count VIII) and Class A misdemeanor battery (Count X) violate Indiana's Double Jeopardy Clause. We conclude there was sufficient evidence to convict Wells of criminal deviate conduct and rape and affirm those convictions. We also conclude, however, that his convictions for both Class D felony battery and Class A misdemeanor battery violate Indiana's Double Jeopardy Clause. We therefore reverse Wells' conviction for Class A misdemeanor battery and remand with instructions for the trial court to amend the abstract of judgment accordingly. We affirm in part, reverse in part, and remand.

# Facts and Procedural History

[2] In late June or early July 2013, Wells engaged in an argument with his significant other, T.H., in the home they shared. Wells and T.H. were not

married, but they were involved in a long-term romantic relationship and have three children together. The argument escalated when Wells punched T.H. with a closed fist and pulled her upstairs to their eldest child's bedroom. Wells then retrieved a small handgun; he put it in T.H.'s mouth and held it to T.H.'s head while threatening her. She begged him not to shoot and to think about his kids. He eventually stopped.

[3] In early September 2013, Wells and T.H. again argued in their home. Wells struck T.H. with her phone and punched her "a few times," hitting her left eye, arms, and legs. Transcript at 145. The argument continued into the kitchen, where Wells pulled out a knife and put it on the counter. He became apologetic and asked T.H. to perform oral sex to make him feel better, which she did.

[4] On September 18, 2013, Wells and T.H. once again argued in their home. This time, the couple argued in their bedroom, resulting in Wells grabbing T.H., throwing her to the opposite side of the bed, punching her, and choking her first with both hands and then by applying pressure to her neck with his arm or leg as she laid on her back on the bed. Once Wells stopped attacking T.H., he told her she needed to do something to make him feel better and wanted to have sex with her. She said no, but she was scared and afraid he would beat her again, so she eventually "went along with it." *Id.* at 199. He at least partially tore her underwear off and had sexual intercourse with her.

[5] The next morning T.H. dropped her eldest son off at school and called the police. She met detectives at the police station and told them about Wells'

abuse. He was arrested at their home. T.H. agreed to go to the hospital, where she consented to a sexual assault examination. The forensic nurse examiner observed a right eye injury, bruising on her left eye, abrasions and swelling on her neck, bruising behind her ear, and injuries to her shoulders and right arm. Lab analysis of the sex crimes kit performed during the sexual assault examination revealed the presence of Wells' DNA inside T.H.'s vagina.

[6] After looking up Wells' charges online, T.H. unsuccessfully attempted to have the "sexual charges" dropped by contacting detectives and writing a letter to the court. *Id.* at 188. During this time, Wells violated a no contact order by repeatedly calling T.H. from jail. The State amended the charging information to add thirteen counts of invasion of privacy based on this contact. Wells was ultimately convicted of criminal deviate conduct, a Class B felony; rape, a Class B felony; battery, a Class C felony; battery, a Class D felony; domestic battery, a Class D felony; strangulation, a Class D felony; pointing a firearm, a Class D felony; three counts of battery, all Class A misdemeanors; and thirteen counts of invasion of privacy, all Class A misdemeanors.

[7] At sentencing, the trial court merged a Class A misdemeanor battery, the Class D felony domestic battery, and the Class D felony pointing a firearm convictions with other convictions and sentenced Wells on the remaining counts to a total of twenty-six years executed, with twenty years to be served in the Department of Correction and six years to be served in community corrections. Wells now appeals.

# Discussion and Decision

## I. Sufficiency of Evidence

### A. Standard of Review

"When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict." *Oster v. State*, 992 N.E.2d 871, 875 (Ind. Ct. App. 2013), *trans. denied*. We will not reweigh the evidence or assess the credibility of the witnesses. *Glenn v. State*, 999 N.E.2d 859, 861 (Ind. Ct. App. 2013). "The conviction will be affirmed unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (citation and quotation marks omitted).

### B. Criminal Deviate Conduct and Rape

"A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when . . . the other person is compelled by force or imminent threat of force . . . commits criminal deviate conduct, a Class B felony." Ind. Code § 35-42-4-2(a)(1) (2013). "[A] person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when . . . the other person is compelled by force or imminent threat of force . . . commits rape, a Class B felony." Ind. Code § 35-42-4-1(a)(1) (2013).

Wells contends no reasonable inference could be drawn from T.H's testimony that she was forced to perform oral sex during the early September episode,

which is the basis for the criminal deviate conduct conviction, nor that she was forced to have sexual intercourse on September 18, which is the basis for the rape conviction. He argues T.H. was not compelled by force or imminent threat of force because both sex acts occurred after the physical attacks ended. Although T.H.'s testimony was equivocal about her consent to perform oral sex and have sexual intercourse, we conclude she was compelled to consent and perform under threat of force in both instances. Our supreme court has stated, "Force or threat of force may be shown even without evidence of the attacker's oral statement of intent or willingness to use a weapon and cause injury, if from the circumstances it is reasonable to infer the attacker was willing to do so." *Smith v. State*, 500 N.E.2d 190, 192 (Ind. 1986) (quoting *Lewis v. State*, 440 N.E.2d 1125, 1127 (Ind. 1982)). Wells did not verbally threaten physical force against T.H. if she refused to engage in sexual acts with him; nonetheless, a threat can be reasonably inferred from the circumstances.

[11] During the early September incident, Wells punched T.H. and struck her with a phone. When she ran to the kitchen, he followed and placed a knife on the countertop. Although he had begun apologizing, the knife was in full view when he requested and received oral sex from T.H. On September 18, Wells strangled T.H. until she nearly lost consciousness and also gave her a black eye. He requested intercourse and she initially answered "no," but then he ripped off her underwear and had intercourse with her anyway. In both cases, it is reasonable to infer Wells was willing to exert force against T.H., given he had already done so.

[12] In *Smith*, 500 N.E.2d at 191, the defendant held a knife in his hand while raping the victim. Although he did not explicitly threaten to use the knife against the victim, the circumstances were sufficient to show that the victim was not acting upon her own free will; rather, it was reasonable to infer she was acting under threat of violence. Wells' willingness to commit violence against T.H. is akin to the perpetrator in *Smith* holding a knife throughout the assault. In both cases, the victims knew that the defendants were readily able to commit violence against them if they resisted. We therefore conclude the jury could reasonably infer that T.H. was compelled by the imminent threat of force to agree to Wells' sexual requests.

[13] Wells also argues he did not have the necessary mens rea for the commission of criminal deviate conduct and rape against T.H. For both offenses, a person must "knowingly or intentionally" engage the victim in specified sexual conduct when "the other person is compelled by force or imminent threat of force." Ind. Code §§ 35-42-4-2(a), 35-42-4-1(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "Knowledge, like intent, is a mental state of the actor; therefore, the trier of fact must resort to reasonable inferences based on the examination of the surrounding circumstances to reasonably infer its existence." *Slone v. State*, 912 N.E.2d 875, 880 (Ind. Ct. App. 2009), *trans. denied*.

[14] Wells argues because he asked, rather than demanded, that T.H. engage in the sexual acts, and she did not verbally refuse his requests or otherwise rebuff him,

he "could not have had an awareness that he was compelling her by force." Brief of Appellant at 25. Yet, the evidence shows that immediately prior to the first incident, Wells had been angrily hitting and punching T.H., causing her pain and giving her a black eye. He placed a knife in plain view before requesting T.H. give him oral sex. Similarly, prior to the second incident, Wells angrily threw T.H. across their bed, hit her, and then put his hands around her neck and squeezed until she became lightheaded and had difficulty breathing. When Wells indicated he wanted to have sex with her, T.H. said no and asked why he was doing this. Wells told her she "needed to do something to make him feel better," tr. at 162, and she ultimately submitted. It is reasonable to infer from these surrounding circumstances that Wells was aware T.H. was not participating willingly but only because she feared further violence.

## II. Double Jeopardy

[15] Wells contends his convictions for Class D felony battery (Count VIII) and Class A misdemeanor battery (Count X) violate Indiana's Double Jeopardy Clause, which provides, "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. We review whether multiple convictions violate the Double Jeopardy Clause de novo. *Jones v. State*, 976 N.E.2d 1271, 1275 (Ind. Ct. App. 2012), *trans. denied*.

[16] Specifically, Wells argues these convictions violate the actual evidence test:

> To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Richardson v. State*, 717 N.E.2d 32, 53 (Ind. 1999).

[17] We conclude, and the State concedes, there is a reasonable possibility the jury considered the same evidentiary facts to establish the essential elements of misdemeanor battery and felony battery. Both charges alleged Wells touched T.H. in a rude, insolent, or angry manner that resulted in pain and/or bruising on September 18.[1] Both convictions were based on T.H.'s testimony that Wells hit or punched her with his hands on that night. The State's closing argument to the jury likewise failed to factually distinguish the two charges. *See C.H. v. State*, 15 N.E.3d 1086, 1094 (Ind. Ct. App. 2014) ("On appeal, in determining the facts used by the fact-finder, it is appropriate for a reviewing court to examine the evidence presented, the charging information, arguments of counsel, and any other factors that may have guided the fact-finder in making a decision."), *trans. denied*. As such, there is a reasonable possibility that the jury considered the same evidence to convict Wells on each charge. We therefore remand with instructions to vacate the lesser charge of misdemeanor battery.

---

[1] The Class D felony charge additionally alleged that T.H. was a family or household member and that Wells committed the act in the presence of children under the age of sixteen. Ind. Code § 35-42-2-1(a)(2)(M) (2013).

*See Richardson*, 717 N.E.2d at 55 (remedying a double jeopardy violation by vacating the conviction with "less severe penal consequences").

# Conclusion

[18]     There was sufficient evidence to support Wells' criminal deviate conduct and rape convictions, and we affirm those convictions. However, Wells' convictions for both misdemeanor battery and felony battery arising out of a single incident violate Indiana's Double Jeopardy Clause. We therefore reverse and remand with instructions for the trial court to vacate Wells' conviction for misdemeanor battery and amend the abstract of judgment accordingly.

[19]     Affirmed in part, reversed in part, and remanded.

Barnes, J., and Altice, J., concur.