# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
09/06/2017, 9:44 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Anthony S. Churchward, PC
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daveaun D. Carson, *Appellant-Defendant,* | September 6, 2017 |
| v. | Court of Appeals Case No. 02A03-1612-CR-2895 |
| | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable John F. Surbeck, Jr., Judge |
| | Trial Court Cause No. 02D05-1608-F3-48 |

**May, Judge.**

[1] Daveaun D. Carson appeals his conviction of Level 3 felony robbery,[1] arguing the evidence was insufficient to sustain the conviction. We affirm.

# Facts and Procedural History

[2] On July 28, 2016, John Burley was trying to buy a used television through a mobile device application called LetGo.[2] He located a television that interested him and entered into negotiations with a user calling himself "Brian," (*see, e.g.,* Tr. Vol. 1 at 35), later identified as Carson. Burley agreed to buy the television for $250. After some confusion about the address where Burley could obtain the television, Burley and his two small children arrived at the location Carson indicated.

[3] Carson met Burley at his car and told Burley the television was inside the apartment. Burley agreed to follow Carson inside and locked his children in the car. Burley followed Carson around the building. Another man was sitting outside the apartment. Carson then pulled a gun on Burley and ordered him to hand over the money for the television. Burley told the men the money was in the car. "With the gun still [pointed] at [him]," the men walked Burley back to his car where he unlocked his car and retrieved the $250. (*Id.* at 41.) Carson took Burley's money, phone, and car keys.

---

[1] Ind. Code § 35-42-5-1 (2014).

[2] LetGo is an application used on mobile devices to "buy and exchange goods with someone." (Tr. Vol. 1 at 79.)

[4]    Burley drove his car to a nearby gas station and requested assistance from a bystander.[3]  The bystander called 911 for Burley, and the police arrived to take Burley's statement.  At the gas station, Burley stated the man with the gun was "5'9" to 5'11", bald, African American with a dark complexion," (*id.* at 74), and the other man at the scene was "African American, bigger build, 5'7", 5'9"ish . . . curly hair." (*Id.* at 67.)  However, when the police went to the apartment complex they were unable to locate either individual and the apartment toward which Carson led Burley to get the television was empty.

[5]    The next day, Burley discovered his LetGo account was blocked from viewing any posts from "Brian."  Burley created a fake account in the name of "Brittney." (*See, e.g., id.* at 73.)  Using this account, he located "Brian" and entered into negotiations to buy an iPhone "Brian" had listed.  Burley contacted Detective Larry Tague of the Fort Wayne Police Department to tell him about his negotiations.  Detective Tague asked Burley to arrange a meeting between "Brian" and "Brittney."  After warning Burley to stay away from the meeting location, Detective Tague and several other officers conducted surveillance of the area.  Detective Tague observed Carson at the meeting area but Carson left when he saw Detective Tague.  Uniformed police officers conducted a traffic stop of the car Carson was in and arrested the occupants.

---

[3] Burley's vehicle had a "mechanical malfunction" wherein it was able to run without a key in the ignition. (Tr. Vol. 1 at 80.)

[6] Detective Tague requested Detective Daniel Peters present two photo arrays to Burley. Carson's picture was in the first array and the driver of the car was in the second array. Burley identified Carson as the man who had "pointed [a gun] at [his] face" and robbed him. (*Id.* at 63.) Burley did not identify anyone in the second array.

[7] The State charged Carson with Level 3 felony robbery and the case was tried by jury. The jury found Carson guilty, and the trial court entered the conviction and sentenced Carson to twelve years.

# Discussion and Decision

[8] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied.* The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

[9] Carson was convicted of Level 3 felony robbery. "[A] person who knowingly or intentionally takes property from another person . . . by using or threatening the use of force . . . or by putting any person in fear . . . while armed with a deadly weapon" commits Level 3 felony robbery. Ind. Code § 35-42-5-1 (2014).

[10] Carson argues the State did not present sufficient evidence because Burley's testimony was incredibly dubious. Specifically, he asserts Burley originally identified the person who robbed him as bald and between 5'9" to 5'11" tall, but that Burley's later identifications of Carson in the photo array and at trial were of a man who was not bald and stands between 6'3" and 6'4" tall.

[11] The incredible dubiosity rule allows the appellate court to impinge on the fact-finder's assessment of witness credibility when the testimony at trial was "so contradictory that the verdict reached would be inherently improbable." *Moore v. State*, 27 N.E.3d 749, 751 (Ind. 2015). "For the incredible dubiosity rule to apply, the evidence presented must be so unbelievable, incredible, or improbable that no reasonable person could ever reach a guilty verdict based upon that evidence alone." *Id.* "Incredibly dubious or inherently improbable testimony is that which runs counter to human experience, and which no reasonable person could believe." *Campbell v. State*, 732 N.E.2d 197, 207 (Ind. Ct. App. 2000). This is a high standard to meet. There must be: (1) a sole testifying witness; (2) whose testimony is inherently contradictory, equivocal, or the result of coercion; and (3) a complete absence of circumstantial evidence. *Moore*, 27 N.E.3d at 756. It is well-settled that "discrepancies between a witness's trial testimony and earlier statements made to police and in

depositions do not render such testimony 'incredibly dubious.'" *Holeton v. State*, 853 N.E.2d 539, 541-42 (Ind. Ct. App. 2006).

[12] The incredible dubiosity rule does not apply here because Burley's testimony was supported by circumstantial evidence and his testimony at trial was not inherently contradictory, equivocal or the result of coercion. At trial, Burley maintained he could "remember [Carson's] face more than anything." (Tr. Vol. 1 at 44.) He was focusing on Carson's "nose, his eyes, and just the shape – what his picture of his face looked like." (*Id.*) Thus, although he may have misconstrued very short hair for bald and did not have Carson's height correct, his identification and subsequent testimony was unequivocal that Carson was the man who robbed him.

[13] Additionally, Burley's identification of Carson is supported by the fact Carson showed up for the fictitious sale of the iPhone. When questioned by Detective Marc Deshaies, Carson indicated "he was there to meet a female in order to buy an IPhone [sic] 6S plus." (*Id.* at 130.) Thus, Burley's testimony was not inherently contradictory, equivocal, or the result of coercion, nor was there a complete absence of circumstantial evidence. As such, the incredible dubiosity rule does not apply. *See Moore*, 27 N.E.3d at 760 (holding incredible dubiosity rule inapplicable where factors necessary to warrant application of the rule were not present). Carson's arguments to the contrary are an invitation for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146. Carson does not assert any other grounds to support his claim of insufficient evidence, and we therefore hold the State presented sufficient evidence to prove

Level 3 felony robbery.  *See Wilburn v. State*, 515 N.E.2d 1109, 1110 (Ind. 1987) ("The uncorroborated testimony of [robbery] victim was sufficient to convict the appellant.").

# Conclusion

[14]    The State presented sufficient evidence of Level 3 felony robbery as Burley's testimony was not incredibly dubious.  Accordingly, we affirm.

[15]    Affirmed.

Brown, J., and Pyle, J., concur.